Mr. Chief Justice Cartter
delivered the opinion of the court.
In the case of Samuel Hill, Benjamin B. Prentice and the Vermont Farm Machine Company, against the Commissioner of Patents, the court has unanimously concluded to affirm the decision of the Commissioner.
The case is here on appeal from the Commissioner of Patents, who has rejected the appellant’s application for *267 patent. The patent sought is for certain devices pertaining to a milk-cooler, an ingenious contrivance by which skimmed milk can be obtained without disturbing the cream. The claims are set forth fully, and it is conceded that their subject-matter is patentable; but the ground of their rejection, and the whole issue here, is to be found in the decision of the Commissioner of Patents which says, in substance, the applicants really ask that rule 91 of the Rules of Practice may be stricken out, or so changed as to accommodate it to their and similar cases. This cannot be done. In this case it should not be done even if it could be. Applicants described the invention now sought to be patented in their former patent, but they did not claim it. By a lapse of time they are unable to re-issue that patent. They now desire to include in a patent that which they might have claimed in the former patent. This they cannot do, not only under the rules of this Office, but under the decisions of the courts.
The Commissioner then quotes the case of Campbell vs. James, 104 U. S., 379, decided by the Supreme Court of the United States, to the effect that a patentee cannot include in a subsequent patent any invention embraced or described in a prior one granted to himself, any more than he could an invention embraced or described in a prior patent granted to a third person.
It is conceded in this case that every feature of the invention sought to be patented was shown and described, but was not claimed, in a patent which had already been granted to the appellants. After that patent had been issued to them, and when they had unduly delayed in applying for a re-issue of it, which would have been the appropriate process to perfect it, they applied to the Patent Office to grant them a .new patent for these devices. The Commissioner has refused it, and this court is asked to reverse that decision.
It is unnecessary to consider all the cases decided in the Supreme Court of the United States bearing on this question, and which have been cited and discussed by counsel, *268 for their doctrine is well summed up in the case of Miller vs. Brass Co., as reported in 104 U. S., 350, in which the court say: “But it must be remembered that the claim of a specific device or combination, and an omission to claim other devices or combinations apparent on the face of the patent, are, in law, a dedication to the public of that which is not claimed.” And in the same opinion, on page 352, they use this language: “This legal effect of the patent cannot be revoked unless the patentee surrenders it and proves that the specification was framed by real inadvertence, accident or mistake, without any fraudulent or deceptive intention on his part; and this should be done with all due diligence and speed.”
The same doctrine is reiterated and applied in the case of Campbell vs. James, supra. In that case the court say: “It is hardly necessary to remark that the patentee could not include in a subsequent patent, any invention embraced or described in a prior one granted to himself, any more than he could an invention embraced or described in a prior patent granted to a third person. Indeed, not so well, because he might get a patent for an invention before patented to a third person in this country, if he could show that he was the first and original inventor, and if he should have an interference declared.”
These cases are conclusive of the issue here. That issue is not whether the invention has been abandoned by a failure for two years to apply for a patent for it, or until the statutory limitation of two years’ public use had run against the appellants; but whether, by manifesting these features of their invention in their prior patent, without covering them by claims, they have dedicated them to the public.
It is the judgment of this court that they have dedicated them to the public, and we, therefore, affirm the decision of the Commissioner of Patents. '